In an action to recover no-fault benefits under a policy of automobile insurance, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.) dated September 6, 2012, which denied its motion for summary judgment on the complaint.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the complaint is granted.
The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by “demonstrating that the necessary billing documents were mailed to, and received by, [the defendant insurer] and that payment of no-fault benefits was overdue” (Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157, 164-165 [2013]; see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; [c]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2d Dept 2013]), since “the prescribed statutory billing form had been mailed to and received by the defendant insurer, which failed either to pay or deny the claim within the requisite 30-day period” (Westchester Med. Ctr. v Hereford Ins. Co., 95 AD3d 1306, 1306 [2012]; *673 see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2013]). Contrary to the defendant’s contention, the papers submitted in support of the plaintiff’s motion were in sufficient evidentiary form to warrant the granting of summary judgment in favor of the plaintiff (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2013]).
In opposition, the defendant failed to raise a triable issue of fact. The defendant acknowledged that it received the billing form on November 4, 2011. Neither the letter that the defendant describes as a request for a verification, dated December 6, 2011, nor its later denial of claim form dated December 20, 2011, was sent within the 30-day post-receipt-of-claim period (see id.; Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d at 164; see also 11 NYCRR 65-3.5 [b]; Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 300-301 [2007]).
Accordingly, the Supreme Court should have granted the plaintiff’s motion for summary judgment on the complaint. Mastro, J.E, Dickerson, Chambers and Roman, JJ., concur.